**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JOHN F. HUSTON, Derivatively on Behalf of AVANTOR, INC.,<br><br>          Plaintiff,<br><br>    v.<br><br>MICHAEL STUBBLEFIELD, R. BRENT JONES, JONATHAN PEACOCK, STEVEN ECK, GREGORY L. SUMME, JUAN ANDRES, JOHN CARETHERS, LAN KANG, EMMANUEL LIGNER, DAME LOUISE MAKIN, JOSEPH MASSARO, MALA MURTHY, and MICHAEL SEVERINO,<br><br>          Defendants,<br><br> and,<br><br>AVANTOR, INC.<br><br>          Nominal Defendant. | Case No.: |

## <u>MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL</u>

Plaintiff John F. Huston ("Plaintiff"), derivatively on behalf of Avantor, Inc. ("Avantor" or the "Company"), by and through his undersigned attorneys, respectfully moves this Court, pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and Rule 5.1.3 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware for leave to file the Verified Stockholder Derivative Complaint (the "Complaint") under seal. In support of this Motion, Plaintiff avers as follows:

1.      The Complaint refers to non-public documents Plaintiff obtained through a books and records inspection demand made to Avantor pursuant to 8 *Del. C.* § 220 (the "Inspection

Demand"). The information contained in these documents was designated as confidential by Avantor pursuant to a Confidentiality Agreement entered into between Plaintiff and Avantor dated February 6, 2026 (the "Confidentiality Agreement").

2.     The Complaint refers to non-public, confidential information regarding regulatory compliance and internal deliberations by the Board of Directors that has been designated as confidential by the Company. Accordingly, certain information contained in the Complaint should be protected from disclosure and remain confidential.

3.     "[T]he party seeking the…sealing of part of the judicial record bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *SoftView LLC v. Apple Inc.*, CIV. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012). In the Third Circuit, "the focus of the inquiry is aimed at determining whether the party seeking to protect sealed judicial records has specifically demonstrated the need to keep the materials under seal." *Joint Stock Soc. v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 396 (D. Del. 2000).

WHEREFORE, Plaintiff respectfully requests leave of Court to file the Complaint under seal.

Dated: May 29, 2026

                                              **BIELLI & KLAUDER, LLC**

                                              By: */s/ Ryan M. Ernst*
                                              Ryan M. Ernst (No. 4788)
                                              1204 N. King Street
                                              Wilmington, DE 19801
                                              Tel: (302) 803-4600
                                              Email: rernst@bk-legal.com

**OF COUNSEL:**                               ***Attorneys for Plaintiff***

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna
Gregory M. Egleston
260 Madison Ave., 22nd Floor
New York, NY 10016
Tel: (212) 983-1300
Fax: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com